**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**LINDSAYCA INC** — **CASE NO. 6:20-CV-01122**

**VERSUS** — **JUDGE JUNEAU**

**CUSTOM PROCESS EQUIPMENT L L C ET AL** — **MAGISTRATE JUDGE HANNA**

# REPORT AND RECOMMENDATION

Before the court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for more definite statement pursuant to Fed. R. Civ. P. 12(e) filed by defendants Custom Process Equipment, LLC ("CEP") and Louisiana Machinery Company, LLC ("LMC") (collectively "Defendants"). (Rec. Doc. 8). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, applicable law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that Defendants' motion be GRANTED in part and DENIED in part. Defendants' alternative motion for more definite statement pursuant to Fed. R. Civ. P. 12(e) is DENIED.

**Factual Background**

On or about April 16, 2014, Plaintiff, Lindsayca, Inc. ("Plaintiff" or "Lindsayca") ordered two (2) electrostatic treaters ("treaters"), a specialized type of oilfield equipment, to be fabricated by CPE. (Rec. Doc. 1 at ¶ 11). CPE completed fabrication of the treaters on or about February 3, 2015. Lindsayca and CPE completed a factory acceptance test, verifying that the treaters were complete and in working order. (Id. at ¶ 12). Following completion, the project for which Lindsayca ordered the treaters was put on hold and, as a result, Lindsayca and CPE executed a "Change Order" whereby CPE agreed to move the treaters "outside of the shop work area" in the "storage area" and store them until Lindsayca was ready to receive them. (Id. at ¶¶ 13-14). The Change Order further obligated CPE to preserve and protect the treaters' openings and to clean the treaters prior to shipment for a fee of $3,000.00 per month of storage. (Id. at ¶ 14).

On May 15, 2015, a CPE employee sent an email to Lindsayca entitled "Lindsayca Treaters Preservation" in which CPE proposed to shrink wrap the treaters as a means of providing adequate protection from exposure to the weather. The email recommended shrink wrap based on the "very expensive instruments installed" in the treaters. (Id. at ¶ 15). Lindsayca agreed with CPE's recommendation and, accordingly executed a "Shrink Wrap Agreement" wherein it agreed to pay CPE the sum of $8,098.00 in exchange for CPE's shrink wrapping of

the treaters. (Id. at ¶ 16). On or about June 26, 2015, CPE sent Lindsayca photographs of the newly shrink-wrapped treaters. (Id. at ¶ 17).

Citing unpaid storage fees, CPE sent Lindsayca notice of "Termination of Storage Agreement" on April 30, 2020 and advised that it would invoke its rights under La. R.S. 10:7-210, pertaining to a warehouseman's lien if Lindsayca failed to pay the delinquent fees. (Id. at ¶ 18). Nearly a month later, the parties executed an "Agreement" compromising the outstanding storage fees. (Id. at ¶ 19). Under the fee settlement agreement, CPE was obligated to wire two payments totaling $100,000.00 to LMC. (Id. at ¶¶ 20-21).

On or about June 11, 2020, Lindsayca inspected the treaters at CPE's storage area. Lindsayca asserts that, on that date, the treaters displayed no shrink wrapping and had visible damage from water intrusion and appeared to be missing some of their specialized instrumentation, later found to be stored separate from the treaters and without protection. (Id. at ¶¶ 27-29).

Plaintiff filed the instant suit on August 28, 2020, seeking damages for CPE's alleged breach of the warehouseman's duty under La. R.S. 10:7-204, as well as the various agreements executed among the parties. (Id. at ¶¶ 35). Plaintiff named both CPE and LMC, asserting that these entities should be deemed a single business enterprise under Louisiana law and, thus, judgment against both entities is appropriate as a matter of law. (Id. at ¶¶ 22-25, 35). In response, Defendants filed

the instant motion, seeking dismissal of all claims under the Louisiana Warehouseman's Act or Louisiana contract law. Defendants aver that Lindsayca fails to adequately allege facts in support of a claim against them under the single business enterprise theory, necessitating dismissal of LMC. Alternatively, Defendants ask that Lindsayca be compelled to file a more definite statement of its claims.

**Applicable Standard**

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224

F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678.

"[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir.2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir.2008).

**Analysis**

*Application of the Louisiana Uniform Warehouse Receipts Act*

Defendants' motion disputes Plaintiff's claim that CPE is a "warehouse" within the meaning of Louisiana's Uniform Warehouse Receipts Act ("Act"), La. R.S. 10:7-201 *et seq.* Plaintiff points out that CPE's own notice of termination of storage threatened to invoke the Act's lien provision, belying Defendants' current argument for dismissal. Despite Defendants' prior assertions, Louisiana law is settled in its view of what constitutes a "warehouse" under the Act. La. R.S. 10:7-102(a)(13), applicable to the Act, defines a "warehouse" as "…a person engaged in the business of storing goods for hire." La. R.S. 54:113 requires that any proprietor operating as a public warehouse must obtain a certificate from the district court or civil district court in the parish in which the warehouse is located verifying the

posting of the proper bond pursuant to La. R.S. 54:114. Plaintiff does not allege CPE is a licensed and bonded public warehouse under Louisiana law,[1] nor does Plaintiff demonstrate that CPE is "in the business of storing goods for hire." CPE is not a "warehouse" under the Act, as storing goods that you sell does not convert your business into a warehouse. This is true even when the goods at issue are already sold and awaiting transport to their destination. *Allen v. Travelers Ins. Co.*, 124 So.2d 367 (La. App. 1 Cir. 1960) citing *Fields v. General Casualty Co.*, 36 So. 2d 843 (La. App. 1 Cir. 1948), *inter alia*. Accordingly, Plaintiff's claims against Defendants under the Act should be dismissed for failure to state a claim upon which relief may be granted.

*Breach of Contract Claims*

Defendants' motion asserts that Plaintiff fails to adequately state claims for breach of the Change Order and Shrink Wrap Agreement executed between the Lindsayca and CPE. Specifically, Defendants point out that Plaintiff's complaint alleges "CPE breached its standard of care as a warehouseman under the Storage Agreement." (Rec. Doc. 1 at ¶ 31).

This Court has carefully reviewed Plaintiff's Complaint and finds that, given our finding as to the application of the Act, Plaintiff fails to state a cognizable claim

---

[1] La. R.S. 54:111(1) defines "public warehouse" as "a structure or receptacle of any kind in which goods of any kind are deposited and stored for profit and for which a receipt for goods is issued to the owner."

for breach of contract in this case. Each allegation of breach of contract found in Plaintiff's Complaint is based on allegations arising from CPE's alleged status as a warehouse. Plaintiff cites no specific contractual provisions allegedly violated by CPE, as required under applicable Louisiana law. *Louque v. Allstate*, 314 F.3d 776 (5th Cir. 2002).

*Application of Single Business Enterprise Doctrine*

Defendants' motion seeks dismissal of LMC from this suit on the basis that Plaintiff's Complaint is insufficient to state a plausible claim against LMC under the single business enterprise theory. "Louisiana's single business enterprise doctrine…is a 'theory for imposing liability where two or more business entities act as one.'" *Energy Coal v. CITGO Petroleum Corp.*, 836 F.3d 457, 459 (5th Cir. 2016) quoting *Brown v. ANA Ins. Grp.*, 994 So.2d 1265, 1272 (La. 2008). Courts considering application of Louisiana's single business entity doctrine evaluate claims according to eighteen (18) factors identified in *Green v. Champion Insurance Co.*, 577 So.2d 249 (La. App. 1 Cir. 1991). The factors for analysis are:

1. corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control;

2. common directors or officers;

3. unified administrative control of corporations whose business functions are similar or supplementary;

4. directors or officers of one corporation act independently in the interest of the corporation;

5. corporation financing another corporation;

6. inadequate capitalization;

7. corporation causing the incorporation of another affiliated corporation;

8. corporation paying the salaries and expenses or losses of another corporation;

9. receiving no business other than that given to it by its affiliated corporations;

10. corporation using the property of another corporation as its own;

11. noncompliance with corporate formalities;

12. common employees;

13. services rendered by the employee of one corporation on behalf of another corporation;

14. common offices;

15. centralized accounting;

16. undocumented transfers of funds between corporations;

17. unclear allocation of profits and losses between corporations;

18. unclear allocation of profits and losses between corporations; and excessive fragmentation of a single

> enterprise into separate corporations. *Green*, 577 So.2d at 257-258.

This list is illustrative and no one factor is determinative. *Id.*, at 259. Courts must consider the totality of the circumstances in each case where it is asked to make a single business entity finding. *Bona Fide Demolition & Recovery, LLC v. Crosby Construction Co. of Louisiana*, 690 Fed. Appx. 243, 444 (E.D. La. 2010).

Plaintiff's complaint alleges the following in support of its single business entity theory: (1) that CPE and LMC share a manager, Robert D. Webb, Jr.; (2) that both companies are domiciled at the same address (3799 W. Airline Highway, Reserve, Louisiana 70084); (3) that LMC provided financing to CPE; (4) that CPE is inadequately capitalized; that CPE is the "alter ego, agent, tool, and/or instrumentality" of LMC; and (5) that payment for the storage fees negotiated between Lindsayca and CPE in the Storage Fee Settlement were directed to be paid to LMC. (Rec. Doc. 1 at ¶¶ 21-25). Thus, Plaintiff may fairly said to have pled facts in support of factors 2 and 14. Plaintiff's alleges, in its opposition to the motion, that it is now aware that CPE and LMC share a Chief Financial Officer, a fact for which it asks leave to plead, should this Court determine its allegations insufficient. (Rec. Doc. 10 at p. 10).

This Court is limited to consideration of the complaint and any attached documents or exhibits in the context of a Rule 12(b)(6) motion. *Rodriguez v. Rutter*,

310 Fed. Appx. 623 (5th Cir. 2009). Having thoroughly reviewed Plaintiff's complaint, this Court finds the allegations of the complaint insufficient to state a claim for application of single business enterprise doctrine to CPE and LMC. Plaintiff's allegations regarding common directors and shared office space are adequate, while allegations regarding undercapitalization and control are merely unsupported, conclusory legal opinions. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Without factual support for assertions that CPE is undercapitalized, or that LMC provided financing to CPE, this Court is not required to accept these allegations as true for the purposes of this motion. *Id.* Given that Plaintiff's complaint contains sufficient allegations as to only 2 of the 18 factors, it fails to state a claim. *Compare*, *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579 (5th Cir. 2010) (where some, but not all the *Green* factors were supported by factual allegation, the appellate court affirmed dismissal of the claim on the basis of Louisiana's strong preference for maintenance of corporate formalities); *Western Oil & Gas JV, Inc. v. Castlerock Oil Co., Inc.*, 91 Fed. Appx. 901 (5th Cir. 2003) (affirming a district court's dismissal of claims based on Louisiana's single business enterprise doctrine where the only evidence offered was shared office space, equipment and expenses); *Nussli U.S., LLC v. Nola Motorsports Host Committee, Inc.*, 2016 WL 406382 (E.D. La. 2016) (dismissing plaintiff's claims as inadequate

under the single business enterprise theory where seven of the eighteen *Green* factors were pled).

*Motion for More Definite Statement*

Fed. R. Civ. P. 12(e) provides for the opportunity to request a more definite statement when the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." The disfavored remedy contemplated by Rule 12(e) is intended to relieve demonstrable prejudice caused to the defendant because of excessively vague and ambiguous allegations. Rule 12(e) is not meant to supplant the notice pleading requirement of Fed. R. Civ. P. 8(a)(2), which merely requires a short and plain statement providing defendant notice of the nature and basis of plaintiff's claims. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

As evidenced by Defendants' motion to dismiss, Defendants are fully apprised of the nature and basis of Plaintiff's claims against them and demonstrate no prejudice to their ability to defend such claims. Indeed, the factual support for Plaintiff's claims may be within Defendants' own knowledge and, in such cases, the remedy of a more definite statement is even less favored by courts. *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632 (E.D. La. 2006) quoting *Concepcion v. Bomar Holdings, Inc.*, 1990 WL 13257 at 2 (S.D.N.Y. 1990).

Accordingly, Defendants' alternative motion for a more definite statement will be denied.

*Motion for Leave to Amend*

Plaintiff's response in opposition to Defendants' motion incorporates an alternative motion for leave to amend its complaint if this Court deems its complaint to be insufficient to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Rec. Doc. 10 at p. 8). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Given the aim of courts to decide cases on their merits, rather than on procedural shortcomings, at least one amendment is generally granted, particularly when requested. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Leave to amend a complaint should be denied only when it appears "to a certainty" that plaintiff cannot state a claim upon which relief may be granted. 5B Charles A. Wright, Arthur R. Miller, *et al.*, *Federal Practice and Procedure* §1357 (3d ed. 2016).

In this case, no undue delay, inexcusable neglect or prior fruitless attempts at amendment weigh against a grant of leave. *Great Plains*, 313 F.3d at 329. This Court cannot say, at this point in the case, that Lindsayca is certain to fail at stating a claim for breach of the contracts executed between it and CPE. For this reason, Plaintiff's alternative motion for leave to amend should be granted.

**Conclusion**

This Court finds that Defendants demonstrated that Louisiana's Uniform Warehouse Receipts Act does not apply to them and, for that reason, Plaintiff can plead no facts that would state a claim for relief under the Act. Accordingly, Defendants' motion to dismiss should be GRANTED as to all claims by Plaintiff against Defendants arising out of the Act.

This Court also finds that Plaintiff's complaint fails to state a claim for relief regarding the application of the single business enterprise doctrine and breach of contract in this case. Given the potential for discovery of information that may lead to additional facts giving rise to viable claims for breach of contract and application of the single business enterprise doctrine and the applicable standards for amendment, Defendants' motion to dismiss should be DENIED as to all remaining claims against LMC. Additionally, Plaintiff's alternative motion for leave to amend should be GRANTED as to such claims.

Finally, this Court finds that Defendants' alternative motion for a more definite statement should be DENIED based Defendants' failure to demonstrate prejudice caused by the alleged vagueness of Plaintiff's complaint.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Crim. P. 59(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Crim. P. 59(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 18th day of February, 2021.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE